# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CARLOS ALDANA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>21ST CENTURY INSURANCE COMPANY,<br><br>　　　　Defendant. | Case No. 2:23-cv-01574-CDS-NJK<br><br>**ORDER**<br><br>[Docket No. 27] |

　　　　Pending before the Court is the parties' stipulation to extend discovery deadlines.  Docket No. 27.

　　　　A request to extend discovery deadlines must include a statement specifying the discovery completed, a specific description of the discovery that remains, the reasons why the subject deadline cannot be met, and a proposed schedule for completing the outstanding discovery.  Local Rule 26-3.  The request must also be supported by a showing of good cause.  *Id.*  The good cause analysis focuses on whether the subject deadlines cannot reasonably be met despite the exercise of diligence.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  This showing of diligence is measured by the movant's conduct throughout the entire period of time already allowed.  *CC.Mexicano.US, LLC v. Aero II Aviation, Inc.*, 2015 U.S. Dist. LEXIS 169110, at *11-12 (D. Nev. Dec. 15, 2015).  If diligence is not established, the Court's inquiry should end.  *Johnson*, 975 F.2d at 609 (internal citation omitted).  Further, if the request is being made after the expiration of a subject deadline, a showing of excusable neglect is also required.  Local Rule 26-3.

　　　　Here the parties have not demonstrated either good cause or excusable neglect.  No substantive discovery has yet been conducted.  Docket No. 27 at 1.  The parties seek a discovery extension because of the parties' pending motions.  *Id.* at 2.  The parties, in effect, have granted themselves a stay of discovery and now request a 90-day extension.  A stay of discovery can only

be granted by the Court. Such conduct does not establish diligence and the Court cannot find good cause for the extension. Further, the parties seek to reopen the initial and rebuttal expert disclosure deadlines. *Id*. However, the parties fail to demonstrate excusable neglect. *See id.*

Accordingly, the parties' stipulation to extend discovery deadlines is **DENIED** without prejudice. Docket No. 27. Any subsequent request must fully address all applicable standards and comply with this Court's Local Rules.

IT IS SO ORDERED.

Dated: March 12, 2024

_____
Nancy J. Koppe
United States Magistrate Judge